PER CURIAM.
Appellant, Jason Rodriguez, was convicted of battery on a law enforcement officer *495 and resisting an officer with violence. His sole argument on appeal is that the trial court erred in allowing the state’s peremptory strike of a black prospective juror. We affirm.
When defense counsel requested a race-neutral reason for striking Robert Cook, a black church pastor, the prosecutor explained that he believed that Cook, as a pastor, would be sympathetic. The prosecutor acknowledged that Cook said his personal or religious beliefs would not prevent him from sitting in judgment of others. However, the prosecutor expressed his concern that because Cook was “a person that listens and deals with the problems of a large number [of people] in his community,” he might have difficulty setting aside feelings of sympathy. Agreeing that religion-based professionals, such as pastors, ministers, and rabbis tend to be more sympathetic, the trial court found the state’s race-neutral reason to be genuine and allowed the strike.
“[A] trial judge’s ruling on the ‘genuineness’ of a peremptory challenge ‘will be affirmed on appeal unless clearly erroneous.’ ” See Young v. State, 744 So.2d 1077,1082 (Fla. 4th DCA 1999)(quot-ing Melbourne v. State, 679 So.2d 759, 764-65 (Fla.1996)). Because we find no clear error in the trial court’s ruling on the state’s peremptory challenge of prospective juror Cook, we affirm. See Hernandez v. State, 686 So.2d 785, 736 (Fla. 2d DCA 1997)(noting that if the proponent of the strike presents “a genuine reason why [that] party would fear that a particular juror’s occupation would influence the juror’s reasoning and cause the juror to view the case unfavorably from the party’s perspective, then the occupation can be the foundation of a facially race-neutral reason to exercise a peremptory”); McKinnon v. State, 547 So.2d 1254 (Fla. 4th DCA 1989)(affirming excusal of black, evangelic minister based on the prosecutor’s policy to excuse people in the religious profession because they are overly sympathetic); see also Symonette v. State, 778 So.2d 500, 503 (Fla. 3d DCA 2001)(when a juror has been challenged for a valid race-neutral reason, the fact that such a juror asserts that he or she can nevertheless be fair and impartial does not mean that the state must be satisfied with the response); Rivera v. State, 670 So.2d 1163,1166 (as explained in Slappy, the reasons given for exercising a peremptory challenge need not be equivalent to a challenge for cause).
AFFIRMED.
GUNTHER, SHAHOOD and TAYLOR, JJ., concur.